**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| RICHARD A. GORING and STEPHANIE TATE-GORING,  )<br><br>Plaintiffs, )<br>) No.<br>vs. )<br>)<br>MICHAEL S. NEALL & )<br>ASSOCIATES, P.C., )<br>)<br>Defendant. ) | **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

NOW COME the Plaintiffs, RICHARD A. GORING and STEPHANIE TATE-GORING, by and through their attorney, MITCHEL E. LUXENBURG, and for their Complaint against the Defendant, MICHAEL S. NEALL & ASSOCIATES, INC., Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Gaithersburg, Maryland.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs to Maryland Utility Finance, LLC.

6. On information and belief, Defendant is a professional corporation of the State of Maryland, which has its principal place of business in Annapolis, Maryland.

## ALLEGATIONS

(Violation of the Fair Debt Collection Practices Act)

7. On or about August 3, 2009 Defendant mailed the same letter separately to each Plaintiff in an attempt to collect the aforementioned alleged debt. A copy of said letter is attached hereto as Exhibit 1. A copy of said letter was also posted on the door of Plaintiffs' home on or about by a representative of Defendant on or about August 8, 2009.

8. In said letter, Defendant threatened placement of a lien on Plaintiffs' property if full payment of the alleged debt was not received within 15 days of the date of the letter. Defendant further implied in said letter that after placement of the lien, a foreclosure action could be instituted against Plaintiffs' property.

9. In said letter, Defendant also partially advised Plaintiffs of their right to dispute and request verification of the alleged debt, as is required by 15 U.S.C. § 1692g(a). However, the language used by Defendant is not in accordance with the language required by that section of the FDCPA.

10. On or about August 13, 2009, Plaintiff Richard A. Goring mailed a letter to Defendant in response to Defendant's letter of August 3, 2009. In part, Mr. Goring requested

that Defendant provide him with the name and address of the original creditor which, upon information and belief, is in fact different than the name of the creditor for whom Defendant was attempting to collect the alleged debt.

11.  In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a.  Participating in collection activities which overshadowed and/or were inconsistent with Plaintiffs' right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b);

   b.  Failing to provide a proper written notice to Plaintiffs, as is required by 15 U.S.C. § 1692g(a);

   c.  Identifying the name of Defendant's company while communicating with a person other than the Plaintiffs without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

   d.  Communicating with a person other than Plaintiffs and stating to such person that Plaintiffs owe an alleged debt, in violation of 15 U.S.C. § 1692b(2);

   e.  Communicating with someone other than Plaintiffs in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

   f.  Continuing collection activities without providing verification of the debt to Plaintiffs after they requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b);

   g.  Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiffs notified Defendant in writing within the

    applicable period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b); and

  h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, RICHARD A. GORING and STEPHANIE TATE-GORING, respectfully pray for a judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00 for each violation of the FDCPA;

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

  d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

            Respectfully Submitted,

            /s/ Mitchel E. Luxenburg
            Mitchel E. Luxenburg (29092)
            Attorney for Plaintiff
            23240 Chagrin Blvd.
            Suite 601
            Beachwood, OH 44122
            (888) 595-9111, ext. 712 (phone)
            (866) 382-0092 (facsimile)
            Mitch@LuxenburgLevin.com